# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. MICHAEL SCHAEFER,<br><br>    Plaintiff,<br>vs.<br><br>ROBBINS & KEEHN, LLP, and L. SCOTT KEEHN<br><br>    Defendants.<br>_____<br>ROBBINS & KEEHN, LLP,<br><br>    Counterclaimant,<br>vs.<br><br>J. MICHAEL SCHAEFER,<br><br>    Counter-Defendant. | CASE NO. 06CV821-H (BLM)<br><br>**ORDER GRANTING WITH PREJUDICE IN PART AND GRANTING WITHOUT PREJUDICE IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

On April 7, 2006, pro se Plaintiff J. Michael Schaefer ("Plaintiff") filed a complaint alleging breach of contract, negligence, breach of the implied covenant of good faith and fair dealing, and intentional misrepresentation against Defendant Robbins & Keehn, APC ("Robbins"), named "Robbins & Keehn, LLP." (Doc. No. 1.) On August 29, 2006, the Court granted Robbins' motion to dismiss the claims of breach

1  of contract, breach of the implied covenant of good faith and fair dealing, and
2  negligence, with prejudice, for being time barred by California's statute of limitations.
3  (Doc. No. 33.)  The Court also granted Robbins' motion to dismiss the claim for
4  intentional misrepresentation, without prejudice, for failure of Plaintiff to plead with
5  particularity the elements of the claim, and granted Plaintiff 30 days to file an amended
6  complaint.  (Id.)  On September 28, 2006, Plaintiff filed a first amended complaint
7  ("FAC") alleging intentional misrepresentation against Robbins and L. Scott Keehn
8  (collectively "Defendants").  (Doc. No. 35.)  On October 18, 2006, Defendants filed a
9  motion to dismiss the FAC pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of
10 Civil Procedure.  (Doc. No. 36.)  On October 19, 2006, Defendants filed an amended
11 motion to dismiss the FAC.  (Doc. No. 37.)  On November 14, 2006, Plaintiff filed an
12 opposition to the motion to dismiss, which contained a proposed Second Amended
13 Complaint ("SAC").  (Doc. No. 42.)  Defendants filed a reply to Plaintiff's opposition
14 on November 16, 2006.  (Doc. No. 39.)

15       On November 27, 2006, the Court held a hearing on the motion to dismiss.
16 Plaintiff was represented at the hearing by Mr. Schaefer, and Defendants were
17 represented by Mr. Keehn and Leslie Keehn.  For the following reasons, the Court
18 **GRANTS WITHOUT PREJUDICE** Defendants' motion to dismiss Plaintiff's claim
19 for intentional misrepresentation.

20                              **Background**

21       On December 10, 2001, Plaintiff hired Defendants to represent him in his appeal
22 from a civil judgment entered against him in California Superior Court, Lauer v.
23 Schaefer, Case No. GIC 762340 ("the appellate case").  (Compl. ¶¶ 3-4; FAC ¶ 4; Def's
24 First Amended Mem. P's & A's in Support of Mot. to Dismiss FAC, Exh. 1, at 1
25 ("Def's Mem.")).  Plaintiff hired Defendants upon the endorsement of Sandor Shapery.
26 (FAC ¶ 15.)  During oral argument, Plaintiff stated that he had represented himself
27 during the Lauer trial, and that he had called Shapery as a witness during the trial.
28       The California Court of Appeal denied Plaintiff's appeal on November 20, 2003.

(Request for Judicial Notice, Exh. 2, at 3. (Doc. No. 5.))  Plaintiff terminated his relationship with Defendants on December 31, 2003. (Id.)  He then pursued a petition for review in the California Supreme Court through new counsel. (Id.)  The California Supreme Court denied his appeal on February 18, 2004. (Id.)

Plaintiff brought this action for negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional misrepresentation on April 7, 2006. (Compl. ¶¶ 1-15.)  The Court granted Robbins' motion to dismiss the claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence, with prejudice, and Robbins' motion to dismiss the claim for intentional misrepresentation, without prejudice, on August 29, 2006. Plaintiff filed a FAC alleging intentional misrepresentation against Defendants on September 28, 2006. (FAC ¶¶ 1-17.)  The intentional misrepresentation claim is based on two alleged misrepresentations: (1) that Defendants intentionally misrepresented Mr. Keehn's intended association with the appellate case; and (2) that Defendants intentionally misrepresented an alleged conflict of interest in representing Schaeffer.

**Discussion**

**A.   Legal Standards**

**1.   Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to section 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims in the complaint. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  In considering the sufficiency of a complaint under Rule 12(b)(6), courts cannot grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In resolving a Rule 12(b)(6) motion, the court must:  (1) construe the

complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–338 (9th Cir. 1996). A court should be particularly liberal in construing "inartful pleading" by parties appearing pro se. See Hughes v. Rowe, 449 U.S. 5, 9 (1980).

Dismissal is proper, however, if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation. See North Star Intern. v. Arizona Corp. Com'n, 720 F.2d 578, 583 (9th Cir. 1983). Furthermore, a court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). If a complaint is found to fail to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts, or if plaintiff has failed to plead with particularity after repeated opportunities. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1108 (9th Cir. 2003); Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995).

As a general matter, a court may only consider the pleadings and judicially noticed facts in deciding a 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990). Material that is properly attached to the complaint may properly be considered for purposes of the motion to dismiss without converting the motion into one for summary judgment. See Hal Roach Studios, Inc., 896 F.2d at 1555 n.19. Also, a court may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). This doctrine extends to situations in which the plaintiff's claim depends on the contents of a document and the defendant attaches the document to its motion to dismiss, even though the plaintiff does not explicitly allege the contents of that document in the complaint. See id.

### 2. Fed. R. Civ. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that in allegations of fraud, the circumstances constituting fraud are to be stated with particularity, although intent, knowledge, and other conditions of mind may be alleged generally. Rule 9(b)'s specificity requirement applies to state law causes of action brought in a federal court under diversity jurisdiction. See Vess, 317 F.3d at 1103.

To meet the particularity requirement of Rule 9(b), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

## B. Analysis

### 1. Alleged Misrepresentation Regarding Mr. Keehn's Association With The Appellate Case

In diversity cases, the substantive elements of fraud are determined by state law, but those elements must be pleaded with particularity as required by Federal Rule of Civil Procedure 9(b). See Vess, 317 F.3d at 1103. To survive a motion to dismiss, a plaintiff must plead intentional misrepresentation with particularity, although intent, knowledge, and other conditions of mind may be averred generally. See Fed. R. Civ. P. 9(b); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 662-63 & 663 n.2 (9th Cir. 1999) (requiring party to plead each state law element of fraud with particularity under Rule 9(b)). The allegations of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. See Vess, 317 F.3d at 1106. The allegations must be specific enough to give Defendants notice of the particular misconduct which is alleged to constitute the fraud so that they can defend

against the charge and not just deny that they have done anything wrong. See id.

The elements of intentional misrepresentation in California are: (a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. See Agosta v. Astor, 15 Cal. Rptr. 3d 565, 569 (Cal. Ct. App. 2004). Although Plaintiff alleges that Mr. Keehn falsely represented his intended association with the case, his allegation falls short of the particularity requirement of Rule 9(b). Plaintiff's complaint fails to explain with particularity what Mr. Keehn stated to Plaintiff that led him to believe that Mr. Keehn would have a more prominent role in conducting the appellate case than Mr. Keehn actually planned on performing, and fails to explain when and where that misrepresentation occurred. Therefore, Plaintiff has failed to meet the particularity requirement of Rule 9(b) regarding his claim that Defendants intentionally misrepresented Mr. Keehn's intended association with the appellate case.

Although a court ordinarily will grant leave to amend a dismissal for failure to comply with Rule 9(b), dismissal with prejudice is proper where the defect is not curable by amendment or if plaintiff has failed to plead with particularity after repeated opportunities. See Vess, 317 F.3d at 1108. The Court concludes that both justifications are present in this case, and therefore dismisses Plaintiff's intentional misrepresentation claim based on the alleged misrepresentation regarding Mr. Keehn's intended association with the appellate case with prejudice. Plaintiff has failed to particularly plead his allegation that Defendants misrepresented that Mr. Keehn would personally have more input on the appellate case in the original complaint, the FAC, and the proposed SAC.

In addition, the Court concludes that the defect regarding Plaintiff's failure to particularly allege the circumstances constituting the alleged fraud regarding Mr. Keehn's intended association with the appellate case is not curable by amendment. Defendants appropriately attached the engagement letter between Robbins and Plaintiff

to their motion to dismiss.  See Knievel, 393 F.3d at 1076.  That letter, signed by Plaintiff, states, "The hourly billing rate for the attorneys within this office varies, and is based primarily on the experience level of the attorney. . . .  It is our policy to have the legal services performed in each case by attorneys at the lowest hourly rate consistent with a high quality of legal services."  (Def's Mem., Exh. 1, at 2-3.)  This does not fall outside of the reasonable expectation of the parties, nor is it unduly oppressive or unconscionable.  See American Bankers Mortg. Corp. v. Federal Home Loan Mortg. Corp., 75 F.3d 1401, 1412 (9th Cir. 1996).  Therefore, the Court grants Defendants' motion to dismiss Plaintiff's intentional misrepresentation claim based on Mr. Keehn's association with the appellate case with prejudice.

**2.     Alleged Misrepresentation Regarding Defendants Conflict Of Interest**

Defendants argue that: (1) the gravamen of Plaintiff's allegation of intentional misrepresentation based on the misrepresentation of Defendants' conflict of interest in representing Plaintiff is a claim for malpractice, and therefore should be barred by California's one-year statute of limitations; and (2) Plaintiff fails to allege this intentional misrepresentation claim with particularity, in violation of Rule 9(b).  The Court concludes that Plaintiff has merely alleged in a conclusory fashion that his attorney had a client relationship with Shapery and that Shapery had an interest in Plaintiff losing the appeal of the Lauer case.  Plaintiff has not alleged any particular facts that demonstrate that Shapery, who Plaintiff, representing himself, chose to use as a witness during the Lauer trial, had an interest in Plaintiff losing the appeal.  Therefore, Plaintiff has failed to allege particular facts to demonstrate that Defendants had a conflict of interest in representing Plaintiff.  Furthermore, the Court concludes that Plaintiff has failed to allege the other required elements of his claim for intentional misrepresentation with particularity. Accordingly, the Court agrees that Plaintiff has failed to allege the circumstances constituting the alleged fraud with particularity, both in the FAC and the proposed SAC, and that the gravamen of the claim, as currently construed, is a claim for malpractice.  In order to satisfy Rule 9(b)'s particularity

requirement, Plaintiff must plead specific facts regarding the circumstances surrounding Defendants' alleged misrepresentation of the fact that a conflict of interest existed regarding Defendants' representation of Plaintiff based on their alleged former representation of Sandor Shapery.

Accordingly, the Court grants Plaintiff's motion to dismiss the claim for intentional misrepresentation based on the alleged misrepresentation regarding Defendants' conflict of interest without prejudice. The Court grants Plaintiff 30 days from the date this order is stamped "filed" to file an amended complaint.[1]

## Conclusion

For the reasons discussed, the Court **GRANTS WITH PREJUDICE** Defendants' motion to dismiss Plaintiff's claim for intentional misrepresentation based on Defendants' alleged misrepresentation regarding Mr. Keehn's intended association with the appellate case, and **GRANTS WITHOUT PREJUDICE** Defendants' motion to dismiss Plaintiff's claim for intentional misrepresentation based on Defendants' alleged misrepresentation regarding Defendants' conflict of interest in representing Plaintiff. The Court further **GRANTS** Plaintiff 30 days from the date this order is stamped "filed" to file an amended complaint correcting the deficiencies in his

///
///
///
///
///
///
///

---

[1] In their reply brief, Defendants request the Court conduct a proceeding to determine Schaefer's entitlement to proceed as a plaintiff and/or to allow Defendants to file a motion requiring Plaintiff to furnish a security before allowing him to file an amended complaint, based on Plaintiff's classification as a "vexatious litigant" by the Municipal Court in San Diego County in 1996. The Court declines Defendants request, without prejudice, and notes that any request to declare a vexatious litigant would have to meet federal procedural law.

intentional misrepresentation claim based on Defendants' alleged misrepresentation regarding Defendants' conflict of interest in representing Plaintiff.

IT IS SO ORDERED.

DATED: November 28, 2006

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
J. Michael Schaefer
1101 Saint Paul Street, Suite 1605
Baltimore, MD 21202

L. Scott Keehn
Leslie Faye Keehn
Keehn and Associates
402 West Broadway
Suite 1210
San Diego, CA 92101