1

2

3

4

5

6

7

8                            **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   J. MICHAEL SCHAEFER,                          CASE NO. 06CV821-H (BLM)

12                                  Plaintiff,     **ORDER DENYING
                                                   DEFENDANT'S MOTION TO
13            vs.                                  DISMISS PLAINTIFF'S
                                                   SECOND AMENDED
14   ROBBINS & KEEHN, LLP                          COMPLAINT**

15                                 Defendant.
     _____
16   ROBBINS & KEEHN, LLP,

17                             Counterclaimant,

18            vs.

19
     J. MICHAEL SCHAEFER,
20
                            Counter-defendant.
21
     _____
22

23        On April 7, 2006, pro se plaintiff J. Michael Schaefer ("Plaintiff"), a former

24   lawyer, filed a complaint alleging breach of contract, negligence, breach of the implied

25   covenant of good faith and fair dealing, and intentional misrepresentation against

26   defendant Robbins & Keehn, APC, named "Robbins & Keehn, LLP" ("Defendant").

27   (Doc. No. 1.)  On August 29, 2006, the Court granted Defendant's motion to dismiss

28   the claims of breach of contract, breach of the implied covenant of good faith and fair

dealing, and negligence, with prejudice, for being time barred by California's statute of limitations. (Doc. No. 33.) The Court also granted Defendant's motion to dismiss the claim for intentional misrepresentation, without prejudice, for failure of Plaintiff to plead with particularity the elements of the claim, and granted Plaintiff 30 days to file an amended complaint. (Id.) On September 28, 2006, Plaintiff filed a first amended complaint ("FAC") alleging intentional misrepresentation against Defendant and L. Scott Keehn. (Doc. No. 35.) On November 28, 2006, the Court granted with prejudice Defendant and Keehn's motion to dismiss Plaintiff's claim for intentional misrepresentation based on their alleged misrepresentation regarding Mr. Keehn's intended association with the appellate case, and granted without prejudice Defendant and Keehn's motion to dismiss Plaintiff's claim for intentional misrepresentation based on their alleged misrepresentation regarding their conflict of interest in representing Plaintiff. (Doc. No. 44.) On January 11, 2007, Plaintiff filed a second amended complaint ("SAC") alleging misrepresentation against Defendant. (Doc. No. 48.) On February 1, 2007, Defendant filed a motion to dismiss the SAC. (Doc. No. 52.) On February 26, 2007, Plaintiff filed an opposition to Defendant's motion to dismiss. (Doc. No. 60.) On March 5, 2007, Defendant filed a reply. (Doc. No. 64.)

The Court exercises its discretion to decide this matter without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the following reasons, the Court **DENIES** Defendant's motion to dismiss Plaintiff's claim for intentional misrepresentation.

## **Background**

Plaintiff, a disbarred attorney, represented himself in an action brought in California Superior Court by Robert Lauer and ECommerce Hotel Com, Inc. See Lauer v. Schaefer, Case No. GIC762340, slip op. (Super. Ct. San Diego 2001). Plaintiff lost the case. See id. On or about December 10, 2001, Plaintiff hired Defendant to represent him for his appeal of Lauer v. Schaefer ("the appellate case"). (Compl. ¶¶ 3-4; FAC ¶ 4; SAC ¶ 6; Def's Mem. P's & A's Supp. Mot. Dismiss SAC, at 3 ("Def's Mem.").) Plaintiff hired Defendant upon the endorsement of Sandor Shapery. (FAC

¶ 15; SAC ¶ 9.)  The California Court of Appeal denied Plaintiff's appeal on November 20, 2003.  (Def.'s Mem. at 3.)  Plaintiff terminated his relationship with Defendant on December 30, 2003.  (Id.)

On April 7, 2006, Plaintiff brought this diversity suit for negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional misrepresentation.   (Compl. ¶¶ 1-15.)   On June 15, 2006, Defendant filed a counterclaim alleging claims for breach of contract, account stated, open book account, and quantum meruit.  (Countercl. ¶¶ 1-24 (Doc. No. 7.).)  On August 29, 2006, the Court granted Defendant's motion to dismiss the claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence, with prejudice, and Defendant's motion to dismiss the claim for intentional misrepresentation, without prejudice.   On September 28, 2006, Plaintiff filed a FAC alleging intentional misrepresentation against Defendant and L. Scott Keehn.  (FAC ¶¶ 1-17.)   On November 28, 2006, the Court granted with prejudice Defendant and Keehn's motion to dismiss Plaintiff's claim for intentional misrepresentation based on their alleged misrepresentation regarding Mr. Keehn's intended association with the appellate case, and granted without prejudice Defendant and Keehn's motion to dismiss Plaintiff's claim for intentional misrepresentation based on their alleged misrepresentation regarding their conflict of interest in representing Plaintiff.   Plaintiff filed a SAC alleging intentional misrepresentation against Defendant on January 11, 2007.

## Discussion

**A.    Legal Standards**

**1.    Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to section 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims in the complaint.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory.  See Balistreri v. Pacifica

1   <u>Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  In considering the sufficiency of a

2   complaint under Rule 12(b)(6), courts cannot grant a motion to dismiss "unless it

3   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

4   which would entitle him to relief."  <u>Id.</u> (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46

5   (1957)).  In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint

6   in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations

7   as true; and (3) determine whether plaintiff can prove any set of facts to support a claim

8   that would merit relief.  <u>See</u> <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337–338 (9th

9   Cir. 1996).

10          Dismissal is proper, however, if a complaint is vague, conclusory, and fails to set

11  forth any material facts in support of the allegation.  <u>See</u> <u>North Star Intern. v. Arizona</u>

12  <u>Corp. Com'n</u>, 720 F.2d 578, 583 (9th Cir. 1983).  Furthermore, a court may not "supply

13  essential elements of the claim that were not initially pled."  <u>Ivey v. Bd. of Regents of</u>

14  <u>the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  If a complaint is found to fail

15  to state a claim, the court should grant leave to amend unless it determines that the

16  pleading could not possibly be cured by the allegation of other facts.  <u>See</u> <u>Vess v. Ciba-</u>

17  <u>Geigy Corp. USA</u>, 317 F.3d 1097, 1108 (9th Cir. 2003); <u>Doe v. United States</u>, 58 F.3d

18  494, 497 (9th Cir.1995).

19          As a general matter, a court may only consider the pleadings and judicially

20  noticed facts in deciding a 12(b)(6) motion.  <u>See</u> <u>Hal Roach Studios, Inc. v. Richard</u>

21  <u>Feiner & Co.</u>, 896 F.2d 1542, 1555 (9th Cir. 1990).  Material that is properly attached

22  to the complaint may properly be considered for purposes of the motion to dismiss

23  without converting the motion into one for summary judgment.  <u>See</u> <u>Hal Roach Studios,</u>

24  <u>Inc.</u>, 896 F.2d at 1555 n.19.  Also, a court may consider documents whose contents are

25  alleged in a complaint and whose authenticity no party questions, but which are not

26  physically attached to the plaintiff's pleading.  <u>See</u> <u>Knievel v. ESPN</u>, 393 F.3d 1068,

27  1076 (9th Cir. 2005). This doctrine extends to situations in which the plaintiff's claim

28  depends on the contents of a document and the defendant attaches the document to its

motion to dismiss, even though the plaintiff does not explicitly allege the contents of that document in the complaint.  See id.

## 2.  Fed. R. Civ. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that in allegations of fraud, the circumstances constituting fraud are to be stated with particularity, although intent, knowledge, and other conditions of mind may be alleged generally.  Rule 9(b)'s specificity requirement applies to state law causes of action brought in a federal court under diversity jurisdiction.  See Vess, 317 F.3d at 1103.

To meet the particularity requirement of Rule 9(b), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001).  "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient."  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).  A plaintiff must set forth more than the neutral facts necessary to identify the transaction, the plaintiff must set forth what is false or misleading about a statement, and why it is false.  See id.  As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice unless the district court determines that the pleading could not possibly be cured by the allegation of other facts. See Vess, 317 F.3d at 1107-08.

## B.   Plaintiff's Misrepresentation Claim

In diversity cases, the substantive elements of fraud are determined by state law, but those elements must be pleaded with particularity as required by Federal Rule of Civil Procedure 9(b).  See Vess, 317 F.3d at 1103.  To survive a motion to dismiss, a plaintiff must plead each element of intentional misrepresentation with particularity, except that intent, knowledge, and other conditions of mind may be averred generally. See Fed. R. Civ. P. 9(b); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656,

662-63 & 663 n.2 (9th Cir. 1999) (requiring party to plead each state law element of fraud with particularity under Rule 9(b)).  The allegations of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.  See Vess, 317 F.3d at 1106.  The allegations must be specific enough to give Defendants notice of the particular misconduct which is alleged to constitute the fraud so that they can defend against the charge and not just deny that they have done anything wrong. See id.

The elements of intentional misrepresentation in California are: (a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.  See Agosta v. Astor, 120 Cal. App. 4th 596, 603 (2004); see also 5 Witkin, Summary of California Law (10th ed. 2005) Torts, § 772, p. 1121.  Defendant argues that Plaintiff has failed to properly allege these elements, and therefore the suit should be dismissed.

### 1. Misrepresentation

Plaintiff alleges that Defendant misrepresented its personal and professional relationship with Sandor Shapery, a relationship which created a conflict of interest with regards to Defendant's representation of Plaintiff in the appellate case. (SAC ¶¶ 6-7, 9.)  Plaintiff alleges a conflict existed because he held a $1,800,000 promissory note from Shapery and/or his controlled interests. (Id.)  Plaintiff alleges that Defendant had a duty to disclose its relationship with Shapery, but that it intentionally concealed this relationship. (Id. ¶¶ 7, 9.)

Defendant argues that the SAC fails to allege that it made a misrepresentation because the SAC only alleges that Defendant was silent regarding the alleged conflict of interest, which is inadequate because Plaintiff is required to allege an affirmative act of concealment of its relationship with Shapery to survive a motion to dismiss. Defendant cites Vega v. Jones, Day, Reavis & Pougue, 121 Cal. App. 4th 282, 292 (2004) to support this notion, as well as a case from another jurisdiction.

The <u>Vega</u> court held that the plaintiff sufficiently alleged a fraud claim based on the defendant attorneys' active concealment of facts concerning their pre-acquisition financing of an acquiring corporation with "toxic stock"through the provision of a sanitized version of a disclosure schedule.  <u>See</u> <u>Vega</u>, 121 Cal. App. 4th at 292.  A fraud plaintiff does not necessarily have to allege an active concealment against a defendant that has a fiduciary duty to the plaintiff, however, when a fiduciary relationship exists, nondisclosure of a material fact is sufficient to establish a claim of fraud, sometime referred to as constructive fraud.  <u>See</u> <u>Lee v. Escrow Consultants, Inc.</u>, 210 Cal. App. 3d 915, 925 (1989) (holding that due to defendant's fiduciary relationship with plaintiff, its nondisclosure of facts it had a duty to disclose could form the basis of a fraud cause of action); <u>La Jolla Village Homeowners' Assn. v. Superior Court</u>, 212 Cal. App. 3d 1131, 1151 (1989) (disapproved on other grounds by <u>Jimenez v. Superior Court</u>, 29 Cal. 4th 473, 479-80 (2002)) ("The general rule for liability for non-disclosure is that even if material facts are known to one party and not the other, failure to disclose those facts is not actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty to disclose."); <u>see also</u> 5 Witkin, <u>California Procedure</u> (4th ed. 1997) Pleading, § 678, p. 136 ("Mere nondisclosure is ordinarily not actionable unless the defendant is a fiduciary with a duty to disclose, in which case the fraud is constructive.").

Plaintiff alleges that Defendant violated Rule 3-310 of the California Rules of Professional Conduct,[1] which generally forbids attorneys from having a conflict of

---

[1] Rule 3-310 of the California Rules of Professional Conduct states in relevant part:

(B) A member shall not accept or continue representation of a client without providing written disclosure to the client where:

(1) The member has a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; or

(2) The member knows or reasonably should know that:

interest without the informed written consent of all of their affected clients, by failing to disclose its personal and professional relationship with Shapery, with whom Plaintiff was in a legal dispute regarding a debt.  Rule 9(b)'s requirement that fraud be plead with particularity applies equally to claims of fraudulent nondisclosure.  See Wright v. Brooke Group Ltd., 114 F. Supp. 2d 797, 834 (N.D. Iowa 2000); Sterling Nat. Bank & Trust Co. of New York v. Federated Dept. Stores, 612 F. Supp. 144, 147 (S.D.N.Y. 1985).  The Court concludes, however, that Plaintiff's allegations are sufficient to put Defendants on notice with particularity regarding Plaintiff's allegation that Defendant failed to disclose its conflict of interest in representing Plaintiff.

Defendant also argues that Plaintiff failed to allege with particularity that a conflict of interest existed regarding Defendant's representation of Plaintiff, such that Defendant had a duty to disclose that conflict, and that Plaintiff failed to adequately allege how any purported relationship between Defendant and Shapery would "substantially affect" Plaintiff.  In its SAC, Plaintiff alleges that at the time he hired Defendant to represent him in the appellate case, Defendant represented Shapery in concluded trial proceedings.  (SAC ¶ 6.) Plaintiff further alleges that his and Shapery's interests are adverse to each other because of a $1,800,000 note held by Plaintiff against Shapery and/or his controlling interests, many details of which Plaintiff and Shapery had been in disagreement.  (Id.)  Plaintiff alleges that Defendant's long standing,

---

(a) the member previously had a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; and

(b) the previous relationship would substantially affect the member's representation; or

(3) The member has or had a legal, business, financial, professional, or personal relationship with another person or entity the member knows or reasonably should know would be affected substantially by the resolution of the matter; or

(4) The member has or had a legal, business, financial, or professional interest in the subject matter of the representation.

lucrative, personal and professional relationship with Shapery created a situation where despite Defendant's representation of Plaintiff, his loyalty was to Shapery. (Id. ¶¶ 8-9, 13.) Finally, Plaintiff alleges that Shapery had a strong interest in Plaintiff losing the appellate case, because it would force Plaintiff into bankruptcy, which would enable Shapery to receive more favorable treatment regarding resolution of the note's contested details. (Id. ¶¶ 10, 13.) Taken these allegations as true, as the Court must for purposes of a motion to dismiss, the Court concludes that Plaintiff has sufficiently plead the source of the conflict of interest with particularity, and that Defendants' arguments to the contrary are better suited for summary judgment.

Finally, Defendant argues that Plaintiff's allegations demonstrate that Defendant was not required to disclose any relationship with Shapery because Plaintiff was already aware of the extent of Defendant's relationship with Shapery. Construing Plaintiff's complaint in the light most favorable to Plaintiff, he only alleges that he knew that Shapery and Defendant were acquainted, and any argument that he had greater knowledge of Shapery and Defendant's relationship is better suited for summary judgment. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's intentional misrepresentation claim for failure to adequately allege a misrepresentation.

### 2. Intent to Defraud

Defendant argues that Plaintiff has failed to adequately allege that Defendant intended to defraud Plaintiff, and therefore his fraud claim should be dismissed. Rule 9(b) does not require "particularity" with respect to a defendant's intent, rather such conditions of mind may be alleged generally. Plaintiff alleges that Defendant did not disclose the fact that Shapery was their client in order to encourage Plaintiff to hire them, for which Defendant stood to be paid more than $100,000 for their legal services. (SAC ¶¶ 7, 9.) This allegation is sufficient to generally allege intent under Rule 9(b). Accordingly, the Court denies Defendant's motion to dismiss based on their argument that Plaintiff failed to adequately allege the element of intent.

/ / /

### 3.    Knowledge

Defendant argues that Plaintiff has failed to adequately allege that Defendant had the requisite knowledge regarding the promissary note that Plaintiff allegedly held and was negotiating the details over with Shapery, and that his fraud claim should therefore be dismissed.  Defendant also argues that since Plaintiff's fraud claim is based on the fact that Shapery had a financial stake in the appellate case, and that Plaintiff was aware of that fact, Plaintiff has failed to allege that Defendant had any knowledge that Plaintiff himself did not have.

Knowledge, like intent, is a state of mind that may be alleged generally, rather than with particularity.  <u>See</u> Fed. R. Civ. Proc. 9(b).  Plaintiff alleges that Defendant intentionally concealed his prior, present, and future relationship with Shapery from Plaintiff in order to encourage Plaintiff to hire Defendant to represent him in the appellate case.  (SAC ¶¶ 7, 9.)  Plaintiff also alleges that Defendant was aware of the debt Shapery owed Plaintiff, since this was an important part of Shapery's financial and legal planning.  (SAC ¶ 10.)  These allegations are sufficient to meet the general pleading requirement that Defendant had knowledge of the fact that it had a relationship with Shapery that it was obliged to communicate to Plaintiff.  The fact that Plaintiff was aware that Shapery allegedly stood to gain from Plaintiff losing the appellate case does not affect the knowledge element because, according to Plaintiff's pleadings, Plaintiff was unaware of the full relationship between Defendant and Shapery.  Any argument to the contrary is better suited for summary judgment.  Therefore, the Court denies Defendant's motion to dismiss Plaintiff's fraud claim based on a failure to adequately allege the element of knowledge.

### 4.    Resulting Damage

Defendant argues that Plaintiff's complaint fails to allege how Defendant's nondisclosure of its relationship with Shapery caused Plaintiff damage.  Plaintiff alleges that Defendant's loyalty to Plaintiff was divided, and that subsequently Plaintiff lost the appellate case, causing Plaintiff damages.  (SAC ¶¶ 8, 9, 12, 13.)  The Court concludes

that these allegations sufficiently put Defendant on notice regarding how Defendant's alleged nondisclosure allegedly caused Plaintiff damage.  Any argument that Plaintiff was not damaged by Defendant's alleged nondisclosure of a conflict of interest is better suited for summary judgment.  Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's fraud claim on this ground.

### Conclusion

For the reasons discussed, the Court **DENIES** Defendants' motion to dismiss Plaintiff's claim for intentional misrepresentation.

IT IS SO ORDERED.

DATED:  March 7, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
J. Michael Schaefer
1101 Saint Paul Street, Suite 1605
Baltimore, MD 21202

L. Scott Keehn
Leslie Faye Keehn
Keehn and Associates
402 West Broadway
Suite 1210
San Diego, CA 92101

06cv0821-h (blm)